(June 27, 1988)

■ In the Matter of SAMUEL P. FRANKEL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent is an attorney admitted to practice in this department in 1959. Until October 1986, he maintained an office for the practice of law in the City of Schenectady.

The petition by which this disciplinary proceeding was commenced contains three charges of professional misconduct consisting of failure to promptly notify a client of the receipt of his funds, failure to cooperate with petitioner, and failure to comply with a directive of petitioner. A supplemental petition was subsequently filed against respondent containing five charges of professional misconduct consisting of neglect of two legal matters, the misleading of a client as to the status of a legal matter, and the misleading of and failure to cooperate with petitioner. Finally, a second supplemental petition was filed, consisting of two charges of professional misconduct alleging neglect of a legal matter and the misleading of a client as to the status of a legal matter. Hearings on the petition and supplemental petition were held and the Referee has filed a report in which he finds respondent guilty of all charges in those petitions. The parties have agreed to submit the second supplemental petition to this court for determination without reference.

Petitioner now moves to confirm the report of the Referee and for a determination by this court as to the charges contained in the second supplemental petition. Respondent moves to confirm in part and disaffirm in part the report of the Referee and also for a determination as to the second supplemental petition.

Charge I of the original petition alleges that respondent violated Code of Professional Responsibility DR 9-102 (B) (1) by failing to promptly notify a client, Benjamin Signore, of his receipt of funds belonging to Signore. Respondent testified that he received $292.67 on Signore's behalf and that he failed to promptly notify Signore of the receipt. Respondent's explanation that he did not wish to disburse the money because of

a question as to whether it was the full amount due is insufficient to excuse respondent's failure to notify his client as required by the rule. The finding of guilt on this charge is thus supported by the record.

Charge II alleges that respondent violated DR 1-102 (A) (5), (6) by failing to cooperate with petitioner in its investigation of the inquiry by Signore. Respondent testified that he failed to respond to two letters he received from petitioner concerning the Signore inquiry and appeared before petitioner only because of an order from this court directing his appearance. Respondent also stated that he had determined "not to do anything with the Bar Association without a court order". We, therefore, find this charge supported by the evidence.

Charge III alleges another violation of DR 1-102 (A) (5), (6) is that respondent failed to appear to personally accept an admonishment as directed by petitioner (see, 22 NYCRR 806.4 [c] [2]). Respondent did not appear and the record supports a finding that he knew he was required by petitioner to do so.

Charge I of the supplemental petition alleges that respondent violated DR 6-101 (A) (3) by neglecting the estate of Robert R. Douglass, Jr., for which he was the retained attorney. The evidence presented indicates that respondent failed to deposit estate funds into an escrow account held jointly by respondent and Albert Shapiro, Commissioner of Finance for Schenectady County and administrator of the estate, as required by the letters of administration issued by Schenectady County Surrogate's Court. The evidence also establishes that respondent admittedly failed to act to dispose of an automobile which was an estate asset. Respondent also admittedly failed to respond to two letters from Surrogate's Court requesting a report and/or a final accounting. Respondents' statement that his failure to act on the estate was due to problems on other cases he had with Shapiro is obviously no defense to such conduct. This charge is thus supported by the record.

Charges II, III and IV allege that respondent neglected a legal matter entrusted to him by Dennis Place, misled Place as to the status of the matter, and misled petitioner in answering an inquiry concerning the Place matter. The evidence presented indicates that respondent agreed to handle the estate of Place's father, including collection of a $6,000 debt owed to the estate, but that respondent never commenced suit or took any other action to obtain payment of the debt. Respondent's claim that he had obtained a judgment against the debtor in Schenectady City Court was not supported by a

search of court records. These facts support the finding of guilt as to charge II. Charge III, which alleges that respondent falsely stated to Place that respondent could not locate the debtor and that subsequently the debtor was located and was making payments on the debt, is also supported by the record. Place testified that respondent had made these statements to him, but that he subsequently found that the debtor had never made payments on the debt, and in fact the evidence shows respondent made payments to Place totaling approximately $2,900 from personal funds. Respondent's contradictory testimony presents a credibility issue which we conclude was correctly determined by the Referee. We also confirm charge IV, which alleges that respondent misled petitioner regarding the Place matter by stating that he never represented the Place estate, that he had sued the debtor but advised Place that the judgment was uncollectible, and that he only began to pay Place out of personal funds when he determined he had not renewed the judgment against the debtor. As noted above, the evidence indicates that these statements were not true.

Charge V alleges that respondent failed to cooperate with petitioner in its investigation of two inquiries, the Place matter and an inquiry by Leroy Waddell concerning the automobile which respondent was supposed to dispose of as part of the Douglass estate. The record shows that respondent did not timely reply to either inquiry. This charge is therefore sustained.

Charge I of the second supplemental petition alleges that respondent neglected a liquidation proceeding which was to be instituted on behalf of Northeast Roller Skating Industries, Ltd. The record reveals that, although appointed attorney for the assignee for the benefit of creditors, respondent failed to conclude the matter for two years and was eventually discharged by the client. Respondent was tardy in delivering the records to the client after his discharge and withdrew $1,000 from the client's account for services without court order. These funds were later returned to the client. Finally, respondent failed to make a State withholding tax payment, resulting in accrual of interest and penalties thereon. These facts support a finding of neglect as to this matter. Charge II alleges that respondent misled various parties as to the status of the liquidation proceeding. The record indicates that respondent stated to various parties that all tax liabilities had been paid, that the proceeding was being delayed by the court, not respondent, and that a court order had been obtained for

the $1,000 respondent retained as a fee for services. These statements were not true, and it strains credulity that respondent was not aware of the falsity of his statements as to the reason for the delay of the liquidation and the nonexistence of an order authorizing a fee for his services. As to the statement concerning the tax bill, respondent at the least should have known of this outstanding liability, and this specification is thus supported on the basis that respondent engaged in conduct prejudicial to the administration of justice (DR 1-102 [A] [5]), one of the grounds cited in the charge. We, therefore, determine that the charges in the second supplemental petition should be sustained.

Respondent has committed serious and numerous acts of professional misconduct, including neglect of legal matters, misleading clients and petitioner, and failing to cooperate with and comply with a directive of petitioner. We note that respondent was previously censured by this court (123 AD2d 468) for similar misconduct.

Respondent offers in mitigation that, at the time of the actions which are the subject of these proceedings, he was extremely depressed by his prior censure and the death of close family members, including his father and his wife. Respondent's voluntary discontinuance of his practice and statements from members of the Bar and a medical doctor support his contention and indicate that respondent has experienced personal family tragedies which have been a factor in his misconduct. These occurrences, although considered in mitigation, cannot fully excuse respondent's actions. We, therefore, conclude that, to deter similar misconduct and preserve the reputation of the Bar, respondent should be suspended from the practice of law for two years.

Motion by petitioner to confirm Referee's report with respect to the petition and supplemental petition granted; respondent found guilty of the charges in the second supplemental petition; respondent ordered suspended for a period of two years effective immediately, and until further order of this court. Mahoney, P. J., Casey, Yesawich, Jr., and Mercure, JJ., concur.